```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA


JASON A. GOTHAN and ROSALYNN R. GOTHAN, )   3:10-CV-00172-ECR-VPC
husband and wife,                       )
                                        )   MINUTES OF THE COURT
     Plaintiffs,                        )
                                        )   DATE: December 6, 2010
vs.                                     )
                                        )
OWNIT MORTGAGE SOLUTION, INC., a        )
California corporation; et al.,         )
                                        )
     Defendants.                        )
_____)

PRESENT:      EDWARD C. REED, JR.                 U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN       Reporter:      NONE APPEARING

Counsel for Plaintiff(s)                    NONE APPEARING

Counsel for Defendant(s)                    NONE APPEARING
```

MINUTE ORDER IN CHAMBERS

Now pending are Defendant MERS' motion to "Stay all Proceedings and For Extension of Time to Answer or Otherwise Respond to the Complaint Pending a Decision on Transfer from the Judicial Panel on Multidistrict Litigation" (hereinafter "Motion to Stay") (#6), Defendants' motions to dismiss (## 8, 25 and 37), and Plaintiffs' "Motion to Amend/Correct Complaint" (#46).

A. MERS' Motion to Stay

Defendant MERS requests that we stay proceedings pending a decision from the Judicial Panel on Multidistrict Litigation on whether this case will be transferred to the MDL court. Pursuant to a May 12, 2010 order (hereinafter "the Transfer Order"), the claims in this case related to the formation and/or operation of MERS were transferred by the United States District Panel on Multidistrict Litigation to the District of Arizona. The claims unrelated to the formation and/or operation of MERS were simultaneously remanded to our court. (Transfer Order (#32).) MERS' Motion to Stay (#6) is thus moot and will be denied on that basis.

We additionally note that pursuant to the Transfer Order, we do not have jurisdiction over the entirety of this lawsuit. This order is not intended to refer to or rule upon any claims or issues within the jurisdiction of the MDL court. To the extent that this order intrudes into the jurisdiction of the MDL court, it shall have no effect.

B. Defendants' Motions to Dismiss (## 8, 25 and 37)

Plaintiffs have not opposed Defendants' motions to dismiss (## 8, 25 and 37). Instead, Plaintiffs have filed a "Notice to Withhold filing Opposition Pending Ruling on Motion for Leave to File Amended Complaint" (hereinafter "Notice to Withhold") (#47).[1]

This is the second time Plaintiffs have responded to the pending motions to dismiss by providing the Court with notice of their intent to withhold a response. Indeed, on April 4, 2010, May 2, 2010 and July 5, 2010, Plaintiffs filed notices (## 10, 27 and 42) of their intent not to respond to these pending motions to dismiss (## 8, 25 and 37). On July 22, 2010, we entered an Order (#45) cautioning Plaintiffs that they were not entitled to "unilaterally refuse to respond to pending motions without consequence" and advising Plaintiffs that under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. (Order at 1 (#45).) We gave Plaintiffs an additional fourteen days within which to respond to the motions to dismiss. (Id.) Nevertheless, instead of responding to the motions to dismiss, less than two weeks later, Plaintiffs filed the instant Notice to Withhold (#47).

Because Plaintiffs have been explicitly advised regarding the consequences of failing to file points and authorities in response to a motion, we will grant Defendants' motions to dismiss. Thus, all of Plaintiffs' claims under our jurisdiction are dismissed.

C. Plaintiffs' Motion to Amend Complaint

On August 4, 2010, Plaintiffs filed a motion (#46) seeking to amend the complaint. It is not clear whether Plaintiffs filed an identical motion in the MDL court. Nevertheless, as noted above, we do not have jurisdiction over the entirety of this lawsuit. Moreover, this case is not being managed in a coordinated manner with the MDL court. In light of this circumstance, we will deny Plaintiffs' motion to amend the complaint at this time. Plaintiffs may re-file or file another motion to amend the complaint when the MDL court has completed the pretrial proceedings and the entirety of this lawsuit is under our jurisdiction.

---

[1] Plaintiffs include in their "notice to withhold filing opposition pending ruling on motion for leave to file amended complaint" points and authorities that border on the incoherent. Plaintiffs spill considerable ink insisting that the claims in their proposed amended complaint arise under Nevada statutory and common law. Plaintiffs additionally note that "the granting of the filing of the amended complaint will not deprive any of the Defendants in challenging a new motions [sic] to remand." (P.s Response at 13 (#47).) Plaintiffs do not address the claims in the complaint that is the subject of the pending motions to dismiss.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's "Motion to Stay all Proceedings and For Extension of Time to Answer or Otherwise Respond to the Complaint Pending a Decision on Transfer from the Judicial Panel on Multidistrict Litigation" (#6) is **DENIED** as moot.

**IT IS HEREBY FURTHER ORDERED** that Defendants' motions to dismiss (## 8, 25 and 37) are **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiffs' "Motion to Amend/Correct Complaint" (#46) is **DENIED**.

```
                                        LANCE S. WILSON, CLERK

                                        By      /s/
                                             Deputy Clerk
```