1

2

3

4               **UNITED STATES DISTRICT COURT**
                      **DISTRICT OF NEVADA**
5                        **RENO, NEVADA**

6

7
JASON A. GOTHAN and ROSALYNN R.    )    3:10-cv-00172-ECR-VPC
8 GOTHAN, Husband and Wife,         )
                                    )    **Order**
9      Plaintiffs,                  )
                                    )
10 vs.                              )
                                    )
11 OWNIT MORTGAGE SOLUTION, INC., a )
California corporation; WESTERN     )
12 TITLE COMPANY; SIERRA PACIFIC    )
MORTGAGE COMPANY, INC., a           )
13 California corporation; GREENHEAD )
INVESTMENTS, INC., a California     )
14 corporation; MORTGAGE ELECTRONIC )
REGISTRATION SYSTEM, INC., a        )
15 subsidiary of MERSCORP, INC., a  )
Delaware corporation [MERS];        )
16 RECONSTRUCT COMPANY, N.A.;       )
NATIONAL CITY MORTGAGE a division   )
17 of NATIONAL CITY BANK, a National )
Banking Association; STEWART        )
18 TITLE; DESIGN FINANCIAL; KIM     )
GONZALEZ, individually and DOES     )
19 1-25 CORPORATIONS, DOES and ROES )
1-25 Individuals, Partnership, or   )
20 anyone claiming any interest to  )
the property described in the       )
21 action,                          )
                                    )
22      Defendants.                 )
                                    )
23 _____ )

24

25      Plaintiffs are homeowners who allege that they are the victims

26 of a predatory lending scheme perpetrated by Defendants.  Now

27 pending are a Motion to Dismiss (#68) filed by Defendant PNC

28 Mortgage, a division of PNC Bank, National Association, f/k/a

1  National City Mortgage ("PNC/National City"); a Motion to Dismiss

2  (#69) filed by Defendant ReconTrust Company, N.A. ("ReconTrust");

3  and Plaintiffs' Motion for Leave to File Amended Complaint (#76).

4

5                          **I. Background**

6       On or about March 10, 2005, Plaintiffs Jason and Rosalynn

7  Gothan purchased the property located at 1741 Autumn Glen Street,

8  Fernley Nevada 89408 with a loan from Defendant Ownit Mortgage

9  Solutions, Inc.  (Compl. ¶¶ 20, 29 (#1 Ex. A).) Plaintiffs executed

10 a note and a Deed of Trust recorded against the property.  (Id. ¶

11 29.)  On April 7, 2007, Plaintiffs refinanced with a loan from

12 Defendant Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific").

13 (Id.)  Plaintiffs obtained a second mortgage loan from Defendant

14 PNC/National City on June 20, 2007.  (Id.)  On March 9, 2009,

15 Defendant ReconTrust recorded a Notice of Default and Election to

16 Sell on what appears to be Deed of Trust executed in connection with

17 the second April 7, 2007 loan from Defendant Sierra Pacific.  (Id.

18 ¶¶ 29, 57.)

19       On February 17, 2010, Plaintiff filed a Complaint (#1 Ex. A) in

20 the Third Judicial District Court of the State of Nevada in and for

21 the County of Lyon alleging the following fourteen claims for

22 relief: (1) Violation of Unfair Lending Practices, N.R.S. §

23 598D.100; (2) Conspiracy to Commit Fraud and Conversion; (3)

24 Permanent Injunction; (4) Declaratory Relief; (5) Wrongful

25 Foreclosure; (6) Fraud Through Omission; (7) Quiet Title; (8)

26 Contractual Breach of the Duty of Good Faith and Fair Dealing; (9)

27 Tortuous [sic] Breach of the Duty of Good Faith and Fair Dealing;

28                                  2

1   (10) Civil Conspiracy; (11) Racketeering (NRS 207.470); (12) Unjust

2   Enrichment; (13) Conspiracy to Commit Fraud Related to MERS System;

3   and (14) Fraud in the Inducement.  In connection with the Complaint,

4   Plaintiffs recorded a lis pendens on the property.

5        On May 12, 2010, all of Plaintiffs' claims related to the

6   formation and/or operation of the MERS system were transferred to

7   the MERS Multidistrict Litigation Court (the "MDL Court").  On March

8   21, 2011, the MDL Court issued an Order (#64) clarifying that the

9   parts of Plaintiffs' claims 1, 3, 4, and 10-12 unrelated to the

10  formation and/or operation of MERS were remanded to this Court, and

11  all other claims remained with the MDL Court.

12       On December 6, 2010, this Court issued an Order (#56) granting

13  three Motions to Dismiss (##8, 25, and 37) filed by Defendants

14  ReconTrust; Greenhead Investments, Inc.; Sierra Pacific; and

15  PNC/National City thereby dismissing all of Plaintiffs' claims

16  within our jurisdiction.  Also on December 6, 2010, this Court

17  issued an Order (#55) dismissing Defendant Western Title Company

18  ("Western Title") per the parties' Stipulation (#54), providing that

19  Western Title will be bound by any injunctive or declaratory relief

20  entered by the Court but nevertheless need not further appear and/or

21  defend this action.

22       On January 14, 2011, this Court ordered (#59) Plaintiffs to

23  file returns of service of process with respect to Defendants Ownit

24  Mortgage Solution, Inc.; Stewart Title; Design Financial; and Kim

25  Gonzalez.  Plaintiffs failed to do so.

26       On April 5, 2011, Defendant ReconTrust filed a Motion to

27  Dismiss (#68).  Plaintiffs responded (#73) on April 29, 2011.

28                                    3

1  Defendants replied (#74) on May 2, 2011.  Also on April 5, 2011,

2  Defendant PNC/National City filed a Motion to Dismiss (#69).

3  Plaintiffs did not respond and Defendant PNC/National City replied

4  (#73) on April 29, 2011.

5       Plaintiffs filed a Motion for Leave to File an Amended

6  Complaint (#76) on May 9, 2011.  Defendant ReconTrust responded

7  (#79) on May 23, 2011, and Defendant PNC/National City filed a

8  notice of non-opposition (#80) on May 24, 2011.  Plaintiffs replied

9  (#81) on June 2, 2011.

10

11          **II. Defendants' Motions to Dismiss (##68, 69)**

12       Defendant PNC/National City filed its Motion to Dismiss (#68)

13  and Defendant ReconTrust filed its Motion to Dismiss (#69) on April

14  5, 2011.  However, this Court already issued an Order (#56) granting

15  previous Motions to Dismiss (##8, 37) by each of these Defendants on

16  December 6, 2010.  In that Order (#56), the Court dismissed all of

17  Plaintiffs' claims against Defendants PNC/National City and

18  ReconTrust that were within our jurisdiction.  Therefore there are

19  currently no claims against either Defendant within our

20  jurisdiction.  For this reason, Defendants PNC/National City and

21  ReconTrust's Motions to Dismiss (##68, 69) will be denied as moot.

22

23  **III. Plaintiff's Motion for Leave to File an Amended Complaint (#76)**

24       **A. Legal Standard**

25       Pursuant to Federal Rule of Civil Procedure 15(a), leave to

26  amend is to be "freely given when justice so requires."  In general,

27  amendment should be allowed with "extreme liberality."  Owens v.

28                                4

1 | <u>Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708 712 (9th Cir. 2001)

2 | (quoting <u>Morongo Band of Missions Indians v. Rose</u>, 893 F.2d 1074,

3 | 1079 (9th Cir. 1990)).  However, if factors such as undue delay, bad

4 | faith, dilatory motive, undue prejudice, or futility of amendment

5 | are present, leave to amend may properly be denied in the district

6 | court's discretion.  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d

7 | 1048, 1051-52 (9th Cir. 2003).  The futility analysis determines

8 | whether the proposed amendment would survive a motion to dismiss

9 | pursuant to Rule 12(b)(6).  <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d

10 | 209, 214 (9th Cir. 1988).

11 | **B. Discussion**

12 | Plaintiffs' proposed amended complaint (#76 Ex. 1) alleges the

13 | following nine causes of action: (1) Debt Collection Violations; (2)

14 | Violation of Unfair and Deceptive Trade Practice Act; (3) Violation

15 | of Unfair Lending Practices, N.R.S. 598D.100; (4) Violation of the

16 | Covenant of Good Faith and Fair Dealing; (5) Violation of NRS

17 | 107.080 et seq.; (6) Quiet Title Action; (7) Fraud in the Inducement

18 | and Through Omission; (8) Slander of Title; and (9) Abuse of

19 | Process.

20 | At the outset, the Court notes that many of the claims in the

21 | proposed amended complaint are already presented in the original

22 | complaint.  For this reason, amendment is not necessary to include

23 | Plaintiffs' third through seventh proposed causes of action.

24 | Accordingly, the Court denies leave to amend to add those claims.

25 | The Court now addresses the first, second, eighth, and ninth claims

26 | in the proposed amended complaint in turn.

27 |

28 |

### 1. Debt Collection Violations

Granting Plaintiffs leave to plead an additional claim for unauthorized debt collection would prove futile.  Liability under Chapter 649 of the Nevada Revised Statutes ("NRS") is premised on liability under the federal Fair Debt Collection Practices Act ("FDCPA").  NEV. REV. STAT. § 649.370.  At the threshold of such a claim, Plaintiffs must establish that Defendants are debt collectors within the meaning of the FDCPA.  However, the FDCPA's definition of "debt collector" does not "include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Croce v. Trinity Mortg. Assur. Corp., No. 2:08-CV-01612, 2009 WL 3172110, at *2 (D. Nev. Sept. 28, 2009) (citing S. Rep. No. 950382, at 3 (1977)).  Furthermore, foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA.  Fitzgerald v. Clarion Mortg. Capital, No. 3:10-cv-766, 2011 WL 2633502, at *5 (D. Nev. July 5, 2011) (citing Camacho-Villa v. Great W. Home Loans, No. 3:10-cv-210, 2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011)); see also Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).  For these reasons, the FDCPA and the corresponding Nevada debt collection statutes do not apply to Defendants.  Plaintiffs will therefore be denied the opportunity to include a futile claim for unauthorized debt collection.

### 2. Violation of Unfair and Deceptive Trade Practices Act

Plaintiffs' proposed second claim for relief pursuant to NRS § 598.0923 also fails.  Under the statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation, he or she knowingly conducts the business or occupation without all required state, county, or city licenses. However, the statute provides that the following activities do not constitute "doing business" in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempt from acquiring licenses in this mortgage case, Plaintiffs will be denied leave to amend due to futility.

### 3. Slander of Title

As their eighth claim for relief in the proposed amended complaint, Plaintiffs allege that Defendants slandered Plaintiffs' title by recording the Notice of Default.  To succeed on a slander of title claim, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages."  Exec. Mgmt., Ltd. v. Ticor Title Co., 963 P.2d 465, 478 (Nev. 1998).  However, Plaintiffs have failed to state a claim because it is undisputed that Plaintiffs are in default.  See Sexton v. IndyMac Bank FSB, No. 3:11-cv-437, 2011 WL 4809640, at *5 (D. Nev. Oct. 7, 2011) ("Plaintiffs have failed to state a claim because it is undisputed that Plaintiffs are in default."); Ramos v.

7

Mortg. Elec. Registrations Sys., Inc., No. 2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009) (dismissing slander of title claim where Plaintiffs failed to dispute that they were in default on their loan, nor was it false that the property was to be sold at a trustee's sale).  In filing the Notice of Default, Defendants stated that Plaintiffs were in breach of the loan agreement due to nonpayment.  Again, Plaintiffs do not dispute that they are in fact in default.  Because the statement is not false, Defendants cannot be liable for slander of title.  Leave to amend to include a slander of title claim will therefore be denied as futile.

### 4. Abuse of Process

Amendment to include Plaintiffs' proposed additional claim for abuse of process would prove futile because non-judicial foreclosure is not the type of "process" addressed by the abuse of process tort as it does not involve judicial action.  Riley v. Greenpoint Mortg. Funding, Inc., No. 2:10-cv-1873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); see also Barlow v. BNC Mortg., Inc., No. 3:11-CV-0304, 2011 WL 4402955 at *4 (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim . . . Therefore, the court finds that [Plaintiff] has failed to state a claim for abuse of process.") (citation omitted). Accordingly, the Court finds that amendment to add a claim for abuse of process would be futile.

Plaintiffs' Motion (#76) must therefore be denied in its entirety.  Amendment is not necessary to include a number of Plaintiffs' claims because they appear in the original complaint,

and amendment to allow the other proposed claims would prove futile for the reasons stated above.

### IV. Dismissal Pursuant to Federal Rule of Civil Procedure 4(m)

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In conformity with this Rule, the Court ordered (#59) on January 14, 2011 that Plaintiffs would have fourteen (14) days within which to file returns of service of process with respect to Defendants Ownit Mortgage Solution, Inc.; Stewart Title; Design Financial; and Kim Gonzalez.  Plaintiff failed to do so.  Rule 4(m) therefore requires that the Court dismiss the action against these four defendants.

### V. Conclusion

The Court has analyzed each of Plaintiffs' proposed claims and concludes that Plaintiffs' Motion for Leave to Amend Complaint (#46) must be denied for reasons of futility.  Plaintiffs will therefore not be granted leave to amend, and Plaintiffs' claims are dismissed with prejudice.

It further appears that all remaining issues in this case have been transferred to the MDL Court for the District of Arizona because they involve issues concerning MERS.  Solely for this Court's administrative purposes, this case will therefore be closed administratively.

9

1    **IT IS, THEREFORE, HEREBY ORDERED** that Defendant PNC/National

2 City's Motion to Dismiss (#68) and Defendant ReconTrust's Motion to

3 Dismiss (#69) are **DENIED** as moot.

4    **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File

5 Amended Complaint (#76) is **DENIED**.

6    **IT IS FURTHER ORDERED** that Defendants Ownit Mortgage Solution,

7 Inc.; Stewart Title; Design Financial; and Kim Gonzalez are

8 **DISMISSED** from this action pursuant to Federal Rule of Civil

9 Procedure 4(m).

10    **IT IS FURTHER ORDERED** that pursuant to the parties' Stipulation

11 (#54), approved by this Court's December 6, 2010 Order (#55),

12 Defendant Western Title Company is hereby **DISMISSED** from the action,

13 there being no injunctive or declarative relief entered by the

14 Court.

15    **IT IS FURTHER ORDERED** that the Clerk shall **CLOSE THIS ACTION**

16 **ADMINISTRATIVELY** pending disposition of the issues now being

17 considered by the MDL court.

18

19

20 DATED: October 25, 2011.

21

22 _____
                                    UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28
                                          10